No. 1059

THOMAS v. BETTS

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1463. Decided Oct. 8, 1926

891. PARTNERSHIP—Where partner signs a contract and individually assumes the obligations thereunder, it is his duty to perform or to see that the firm performs; and upon failure of latter to do so he is individually liable.

ALLREAD, J.

Frank Betts brought this action, which was based upon a written contract, against Beman Thomas in the Columbus Municipal Court. The case was taken to the Franklin Common Pleas on appeal, and was predicated on two causes of action; the first for services alleged to have been rendered by Betts under the contract; and the second for expenses incurred under the contract.

Thomas claimed that the contract was one between Betts and the firm of Beman Thomas & Company and that no liability existed as against him individually. Judgment was rendered in favor of Betts upon both causes of action and error was prosecuted to the Court of Appeals, which held:

1. The sole question is whether or not the cause of action was improperly brought against Beman Thomas as an individual.

2. The jury had submitted to it the question as to whether it was the intention of the parties that the contract, although made in the name of Thomas, was in reality one in behalf of the partnership. A verdict being returned in favor of Betts, the judgment rests not only upon the terms of the written contract but upon the oral understanding of the parties.

3. This was favorable to Thomas as it gave him the benefit, not only of the writing, but of the oral negotiations. The case, however, can be decided on the contarct above.

4. Thomas signed the contract as an individual and the obligatory terms of the contract purport to be binding upon him as such.

5. The reference in the contract to Beman Thomas & Co. was not intended to substitute Beman Thomas & Co. as a party or provide for more than an agency under which Thomas undertook to perform his part of the contract.

6. Since Beman Thomas & Co. were, at most, an agent of Thomas, when the latter entered into the contract it was his duty to perform the obligations which he had individually assumed.

Judgment therefore affirmed.

(Ferneding & Williams, JJ., concur.)

Attorneys—Watson, Davis & Joseph for Thomas; Hays & Hays for Betts; all of Columbus.